UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| DEDRIC J. LLOYD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:12-CV-354 |
| v. | ) | |
| | ) | Collier/Lee |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY | ) | |
| | ) | |
| Defendant. | ) | |

## M E M O R A N D U M

*Pro se* Plaintiff Dedric Lloyd ("Plaintiff") brought this action seeking judicial review of the final decision of the Commissioner of Social Security ("Defendant") denying Plaintiff disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). The Court referred the matter to United States Magistrate Judge Susan K. Lee pursuant to 28 U.S.C. § 636(b) and in accordance with Rule 72(b) of the Federal Rules of Civil Procedure for a report and recommendation ("R&R") regarding the disposition of Defendant's motion for summary judgment (Court File No. 13). The magistrate judge filed a R&R (Court File No. 15) recommending the decision of the Commissioner be affirmed, Defendant's motion for summary judgment be granted (Court File No. 13), and the case be dismissed. Plaintiff timely filed an objection to the R&R (Court File No. 16) to which Defendant responded (Court File No. 17). For the following reasons, the Court will **ACCEPT** and **ADOPT** the magistrate judge's R&R (Court File No. 15).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The magistrate judge ably and exhaustively recounted the administrative record in this case and the Court will not repeat in full what has already been stated. In brief, Plaintiff filed an application for SSI and DIB in September 2006. At a May 2008 hearing, Plaintiff (then represented

by counsel) established that he suffers from multiple sclerosis ("MS"), which has given him some difficulty in working due to numbness, a sensation of vertigo, and a limited ability to stand or walk extensively throughout a typical workday. He also described seizures he suffers as a result of his condition, which preclude him from obtaining a driver's license, and persistent headaches that are brought on by too much activity. The Administrative Law Judge ("ALJ") heard testimony from a Vocational Expert ("VE") who testified that Plaintiff could find work as an inspector, packer, or unarmed security guard and that such jobs were available regionally and nationally. If Plaintiff's testimony were given full consideration–including his purported difficulty grasping objects–the VE testified that only half as many positions would be available to Plaintiff. Finally, if Plaintiff's testimony regarding his sensation of vertigo and other MS symptoms were believed, the VE testified that there would be no job he could perform. The ALJ eventually found that Plaintiff was not disabled because there were jobs he could perform in the national economy. The Appeals Council, however, remanded the claims to the ALJ for further consideration.

After remand, the ALJ held a second hearing in April 2011. Although the ALJ had previously scheduled a psychological evaluation for Plaintiff, he failed to attend the evaluation and the ALJ considered the right to attend an evaluation waived. Plaintiff reiterated his problems, including dizziness and headaches. He was also now taking medication for seizures, which made him tired and gave him flu-like symptoms. Another VE testified at the 2011 hearing. Under the first set of assumptions posed by the ALJ, the VE identified a number of positions Plaintiff could fill. The VE considered the opinions of Dr. Cornelius Mance and Dr. Emelito Pinga, which the VE concluded mirrored the ALJ's hypothetical. If the VE assumed that Plaintiff required unscheduled breaks and three naps a day, however, the VE noted there were no positions Plaintiff could fill. The

2

same was said if the VE assumed Plaintiff suffered chronic weakness and fatigue.

The ALJ analyzed Plaintiff's claim under the five-step framework outlined in 20 C.F.R §

404.1520(a)(4):

1.  If claimant is doing substantial gainful activity, he is not disabled.
2.  If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
3.  If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
4.  If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
5.  Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

*Nejat v. Commissioner of Soc. Sec.*, 359 F. App'x 574, 576 (6th Cir. 2009) (quoting *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997)). At steps one through four, the claimant bears the burden of proof. *Id.* However, at step five, the burden shifts to the Commissioner to identify jobs in the economy that the claimant could perform considering his impairments. *Id.*

At step one, the ALJ concluded Plaintiff had not performed any substantial gainful activity since the alleged onset date of his condition. The ALJ then concluded Plaintiff has severe impairments: MS, a history of headache, a history of vertigo, a history of seizure disorder, and a history of right hand fracture. At step three, however, the ALJ concluded Plaintiff's impairments or combination thereof did not meet or medically equal a listed impairment. At step four, the ALJ found Plaintiff did not have the ability to perform past relevant work. However, at step five, the ALJ concluded other work exists in the national economy that accommodates Plaintiff's residual functional capacity. Accordingly, the ALJ concluded Plaintiff was not disabled and not entitled to

the benefits he seeks.

On appeal in this court, Plaintiff did not file a formal brief or motion. Instead, he wrote a letter to the Court, and attached letters from his family and friends as well as an unsigned neuropsychological evaluation report from January 2013. The magistrate judge found that the additional evidence offered by Plaintiff could not be considered in review of the ALJ's decision. Plaintiff had not established good cause for failing to obtain the new neuropsychological evaluation before the ALJ's decision. The magistrate judge noted that, at the administrative hearing, the Plaintiff he failed to attend an evaluation that had been scheduled for him. The magistrate judge also found the letters could have been provided to the ALJ as well. Moreover, the magistrate judge concluded, the additional evidence is simply not material.

With respect to the ALJ's decision, Plaintiff argued there was a conflict of interest because the first neurologist, Dr. Mance, also performed an examination of Plaintiff for the Social Security Administration and ignored some of his problems. Plaintiff also described the disabling nature of his condition. The magistrate judge found that the ALJ reasonably determined the evidence in the record was inconsistent with Plaintiff's testimony at the hearing and his subjective complaints. None of Plaintiff's treating physicians documented evidence substantiating these complaints and the medical record demonstrated repeatedly that Plaintiff's MS was stable. The magistrate judge also rejected Plaintiff's argument it was improper for the ALJ to rely on Dr. Mance because he had a "conflict of interest." The magistrate found the ALJ reasonably relied on Dr. Mance's opinion, which was consistent with the medical evidence in the record and the opinion of another examining physician. To the extent the ALJ did not credit Dr. Mance's opinion regarding balance and cognitive defects, the magistrate judge found the ALJ adequately explained that decision with

4

attention to the extensive medical record. The magistrate judge also found no error in the ALJ's conclusion Plaintiff had the RFC to perform unskilled sedentary or light work. All the medical evidence save for the opinion of one doctor, Dr. Naushaba Rizvi, supported this conclusion, and Dr. Rizvi wrote the outlier opinion early in his treatment relationship with Plaintiff. Thus the magistrate judge concluded that the ALJ's decision was supported by substantial evidence and should be affirmed.

## II.     STANDARD OF REVIEW

This Court must conduct a de novo review of those portions of the R&R to which objection is made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1). The Court's standard of review is essentially the same as the magistrate judge's – review is limited to determining if the ALJ's findings are supported by substantial evidence and if proper legal standards were used. 42 U.S.C. § 405(g); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). "Substantial evidence" means evidence a reasonable mind might accept to support the conclusion at issue. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Stanley v. Sec'y of Health & Human Servs.*, 39 F.3d 115, 117 (6th Cir. 1994). Substantial evidence is greater than a scintilla but less than a preponderance. *Brainard*, 889 F.2d at 681. If supported by substantial evidence, the Court must affirm the ALJ's findings, even if substantial evidence also supports the opposite conclusion. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003). The substantial evidence standard presupposes there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). The ALJ need not discuss every aspect of the record or explain every finding at length but must "articulate with specificity reasons for the findings

5

and conclusions that he or she makes" to facilitate meaningful judicial review.  *Bailey v. Comm'r of Soc. Sec.*, No. 90-3061, 1999 WL 96920, at *4 (6th Cir. Feb. 2, 1999).

## III.    DISCUSSION

Plaintiff submitted *pro se* objections to the magistrate judge's report and recommendation. First, Plaintiff takes issue with the magistrate judge's reference to Dr. James Moore's opinion because he has never been examined by Dr. Moore.  However, the ALJ is not limited to treating or examining physicians.  True, as the Code of Federal Regulations states, "[g]enerally, we give more weight to the opinion of a source who has examined you than to an opinion of a source who has not examined you." 20 C.F.R. § 404.1527(d)(1). But that does not *preclude* the ALJ from relying on a non-examining source. *Norris v. Comm'r of Soc. Sec.*, 461 F. App'x 433, 438-39 (6th Cir. 2012) ("Pursuant to 20 C.F.R. §§ 404.1527(d) and 416.927, an ALJ is to 'evaluate *every medical opinion*' submitted in light of a variety of listed factors, which include the nature of the treatment relationship, the supporting medical basis for the opinion, and overall consistency with the larger record.") (emphasis added). Moreover, the ALJ relied on examining and treating sources in this case and adequately explained why some opinions were accorded greater weight than others.  Thus, Plaintiff fails to establish error on this ground.

Second, Plaintiff disputes Dr. Pinga's conclusion he could lift twenty pounds and stand for an hour.  He refers the Court to Dr. Ravi Chander who apparently works at Erlanger Hospital and wrote Plaintiff a prescription for a cane.   He claims he was never examined by Dr. Pinga.  To the extent this is an attempt to introduce new evidence, the Court notes, as did the magistrate judge, that extra-record evidence may not be considered on an appeal from the ALJ's decision. *Foster v. Halter*, 279 F.3d 348, 358 (6th Cir. 2001) ("[T]his court has repeatedly held that evidence submitted to the

6

Appeals Council after the ALJ's decision cannot be considered part of the record for purposes of substantial evidence review."). This court could remand Plaintiff's case to the Commissioner for further consideration if this evidence was new, material, and if Plaintiff established good cause for failing to offer it previously. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007). Plaintiff has failed to meet this standard. Thus this objection does not demonstrate error.

Third, Plaintiff objects to the conclusion of the ALJ (and a number of the doctors) that he could lift up to twenty pounds. He claims he cannot do so and cannot stand for one hour. He notes he fell while working at Steward, Inc., after his diagnosis of MS. He also states that "KFC/Long John" told him he should not be working in his condition. Plaintiff again stresses the severity of his condition and the pain he experiences everyday. However, the Court's review of the ALJ's decisions is limited to the record, as discussed above. Plaintiff has the Court's sympathies for his condition. But he simply has not demonstrated error in the ALJ's conclusion. The ALJ adequately considered the record medical evidence, weighted it appropriately, and carefully explained the basis of his decision.

Finally, Plaintiff objects to the magistrate judge's characterization of the letters as not comprising new medical evidence. Only four of these letters were from friends or coworkers. Two of the letters were from doctors describing new medical problems. He then provides the names and phone numbers of these new doctors. But the Court agrees with the magistrate judge that this "new" medical evidence is inappropriate to consider.[1] For the reasons the magistrate judge identified,

---

[1] So too is the "supplement" to his complaint that Plaintiff filed without leave of the Court (Court File No. 19). This supplement includes other medical records inappropriate to consider at this stage. The Court therefore will **GRANT** Defendant's motion to strike this supplement (Court File No. 20).

Plaintiff has not met the burden to demonstrate this evidence should be considered on appeal.

Having considered all of Plaintiff's objections, the Court will overrule them and adopt the magistrate judge's R&R.

## IV.    CONCLUSION

The Court has considered Plaintiff's objections after its complete review of the record, and has found them without merit.  Accordingly, the Court **ACCEPTS** and **ADOPTS** the magistrate judge's R&R (Court File No. 15).  The Court **GRANTS** Defendant's motion for summary judgment (Court File No. 13).  The Court **AFFIRMS** the Commissioner's decision and **DISMISSES** the case.

**An Order shall enter.**

**/s/**_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**